## In re: Condemnation of Premises In Heidelberg Township

*John T. Wertz,* for condemnors.
*J. Kitridge Fegley,* for condemnees.

SAYLOR, *J.,* July 22, 1981 — The condemnees are the owners of property situate partly in the Borough of Robesonia and partly in the Township of Heidelberg, Berks County, Pa. The Borough of Robesonia, by a declaration of taking, condemned an easement for drainage purposes across, over or beneath the property of condemnees and encompassing property of the condemnees in both the Borough of Robesonia and Heidelberg Township. The condemnees have filed preliminary objections[1] to the declaration of taking challenging the power or right of the condemnor, a borough, to condemn property outside its corporate limits for a right of way for storm sewer or surface water run-off.[2] The condemnor claims that the authorization granted a borough to condemn land for the purpose of chang-

1. See Eminent Domain Code of June 22, 1964, P.L. (Sp. Sess.) 84, art. IV, 26 P.S. § 1-406.

2. Condemnees' preliminary objections raise two other issues: the borough has failed to comply with applicable ordinances of Heidelberg Township pertaining to surface water management and the declaration of taking fails to state the full extent and purpose of the proposed condemnation. We deem both those claims to be without merit. The condemnees' former objection is not yet ripe for determination and we further doubt that condemnees have the standing to raise this question. As to the latter objection, we find that the borough has adequately complied with the Eminent Domain Code, 26 P.S. § 1-402, regarding statement of purpose.

ing water courses or construction of sewers would be rendered ineffective if the borough did not have the power to condemn land outside its corporate limits.

The Borough Code,[3] in a section entitled Exercise of eminent domain, states that: "In the . . . construction of . . . sewers; . . . the changing of watercourses . . . a borough may enter upon, appropriate, injure, or destroy, private lands, property or material, according to the proceedings set forth in the law governing eminent domain." 53 P.S. §46501.

Although our research discloses no appellate court decisions in Pennsylvania on this particular issue, the question of whether a borough has the authority to condemn property outside its corporate limits for a right of way for storm sewer or surface water run-off was considered by this court in Re: Clover Leaf Dairies, Inc., 63 Berks 18 (1970), opinion by Hess, P.J. In that case, a condemnee sought to bar a first class township from condemning property located outside its corporate limits for the purpose of installing storm sewers. The First Class Township Code[4] provision on the exercise of eminent domain is virtually identical to the previously quoted section of The Borough Code. Judge Hess concluded that the provision in question authorized such a condemnation.

Judge Hess reasoned as follows, at p. 20:

"In many communities, the construction of storm sewers would be a useless expenditure of money if the municipalities were not permitted to make use of property outside of the boundaries of the municipality to carry the water to a stream or other area of

3. Act of February 1, 1966, P.L. (1965), No. 581 §1501.

4. Act of June 24, 1931, P.L. 1206, sec. 1901, as amended, 53 P.S. §56901.

disposal. The General Assembly was certainly cognizant of that fact when it authorized the power of eminent domain for the construction of 'storm water drains.'"

We believe our determination is controlled by the Clover Leaf Dairies case and must therefore conclude that there exists an implied power in a borough to appropriate private property not within the borough for the purpose of securing a right of way for storm sewer or surface water run-off.

For the reasons set forth above, we enter the following

### ORDER

July 22, 1981, upon consideration of the preliminary objections of condemnees, said objections are overruled.